UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FULLBEAUTY BRANDS, INC.,

                   Plaintiff,

v.

CHARLES MCMURRAY, DENIS REYNOLDS,
and DRSR CONSULTING, INC.

                   Defendants.

Civil Case No. 1:25-cv-9960

**STIPULATION AND PROPOSED
PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties do not agree at this time to a blanket "Attorneys' Eyes Only" designation. However, Plaintiff anticipates that discovery may involve

highly sensitive financial information pertaining to customer accounts that are not referenced in, and do not form the basis of, the claims or defenses in this action. In the event Plaintiff determines in good faith that such information warrants heightened protection, the parties agree to meet and confer regarding whether an "Attorneys' Eyes Only" designation is appropriate.

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.   The requesting party and counsel, including in-house counsel;
   b.   Employees of such counsel assigned to and necessary to assist in the litigation;
   c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      . Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a.   Inform the person of the confidential nature of the information or documents;
   b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c.   Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information.

9. Any person in possession of another party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such or Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

10. In the event the party who received Confidential Information experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. All Confidential Information shall be returned as follows:

(a) Within thirty (30) days of the conclusion of the Litigation, and subject to sub-paragraphs (d) and (e) below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that

any and all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

(b) If Confidential Information is furnished to outside experts or consultants pursuant to paragraph 10, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(c) If Confidential Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d) Counsel of record for the parties may retain copies of any part of the Confidential Information produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential" or "Highly Confidential" Information that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

(e) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Information to the extent such information is:

 (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or

 (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

14. Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to Confidential Information under the terms of this Order:

(a) shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow access to Confidential Information, in whole or in part – including metadata, unless such application, service or analytical software:

(i) does not further transfer the Confidential Information to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Protective Order; and

(ii) provides the Receiving Party the ability to remove or delete from the system all Confidential Information.

(b) shall not permit any Confidential Information to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude, and similar tools or applications.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

/s/ Miguel A. Lopez
Miguel A. Lopez, Esq.
Bilal Haider, Esq.
**LITTLER MENDELSON, P.C.**
900 Third Avenue, 8th Floor
New York, NY 10022
Telephone: 212.583.9600
Fascimile: 212.832.2719
malopez@littler.com
bhaider@littler.com
*Attorneys for Plaintiff FULLBEAUTY*
*Brands, Inc.*

*/s/ Richard A. Roth*
Richard A. Roth, Esq.
**THE ROTH LAW FIRM, PLLC**
295 Madison Avenue, Floor 22
New York, NY 10017
Telephone: 212.542.8882
Facsimile: 212.542.883
rich@rrothlaw.com
*Attorneys for Defendant*
*Charles McMurray*

*/s/ Michael D. Steger*
Michael D. Steger, Esq.
**LAW OFFICES OF MICHAEL D.**
**STEGER, P.C.**
295 Madison Avenue, Floor 22
New York, NY 10017
Telephone: 646.359.4600
msteger@steger-law.com
*Attorneys for Defendants*
*Denis Reynolds and DRSR Consulting, Inc.*

Dated: May 20, 2026

Dated: May 20, 2026

**SO ORDERED**

Jennifer E. Willis
JENNIFER E. WILLIS, U.S.M.J.

Dated: May 26, 2026

New York, New York

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)