Littler

The Court has reviewed Plaintiff's request for a discovery conference and Defendant's opposition (Dkt. No. 30). Based on the Parties' letters and included exhibits, the Court **DENIES** this request.

Plaintiff is directed to review the additional productions made by Defendant. If Plaintiff believes there are any outstanding deficiencies, Plaintiff must meet and confer with the Defendant on this issue before revisiting it with the Court. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
August 14, 2026

August 5, 2026

**VIA ECF**
The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *FullBeauty Brands, Inc. v. McMurray, et al.*, 1:25-cv-09960-VSB-JW

Your Honor:

Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, Plaintiff FullBeauty Brands, Inc. ("FBB") respectfully requests a discovery conference regarding Defendant Charles McMurray's continued failure to produce any documents in response to FBB's discovery requests despite repeated assurances that production was forthcoming. The parties have engaged in the meet-and-confer process but have been unable to resolve this dispute. *See* meet-and-confer email communications attached hereto as **Exhibit 1**.

FBB served its First Requests for Production on February 9, 2026. *See* **Exhibit 2**. McMurray served written responses but did not produce any documents. Instead, numerous responses stated that responsive documents would be produced. On May 5, 2026, FBB sent a detailed email identifying deficiencies in McMurray's discovery responses and requesting either amended responses and production or a meet-and-confer regarding the disputed requests. The parties thereafter conducted a telephonic meet-and-confer on May 13, 2026. Following that conference, on May 14, 2026, FBB circulated an email memorializing the parties' agreements, including McMurray's agreement to supplement certain responses, such as Requests for Production Nos. 25 and 30, based on limitations proposed by FBB. *See* **Ex. 1**, at 2-3.

After the May 13 meet-and-confer, FBB received neither supplemental responses nor any document production. Accordingly, on June 15, 2026, FBB followed up regarding the outstanding production and supplemental responses. Having received neither, FBB again wrote to McMurray's counsel on July 28, 2026, noting that more than two months had elapsed since the parties' meet-and-confer and that McMurray still had not produced any documents. Counsel requested McMurray's availability for a telephonic meet-and-confer for later that day or the following. Later that day, McMurray responded but did not produce documents or provide supplemental responses..

Counsel first stated, "[w]e will discuss with our client ... I know that the receipt of documents is imminent." *See* Ex. 1. Later that same day, counsel further represented that "[w]e expect to have documents to you within one week." *See* Ex. 1.

As of August 5, 2026, despite the parties' meet-and-confer efforts, FBB's agreement to narrow disputed requests, McMurray's agreement to supplement certain responses, repeated follow-up correspondence, and counsel's representation on July 28, 2026 that "the receipt of documents is imminent" and that McMurray expected to produce documents "within one week," McMurray has not produced any responsive documents. The one-week period identified by counsel has now elapsed without any production.

The missing production concerns documents directly relevant to the claims and defenses in this action, including documents concerning: (i) McMurray's relationship with Salted Basics; (ii) alleged referral arrangements involving vendors and other entities; (iii) payments or compensation received from vendors; (iv) communications involving Denis Reynolds and DRSR; and (v) communications with FBB employees following his separation from employment. During the parties' meet-and-confer process, FBB agreed to narrow Requests for Production Nos. 25 and 30 in an effort to resolve McMurray's objections, and McMurray agreed to supplement his responses accordingly. *See* Ex. 1, 3-4. McMurray therefore is without any legitimate objection and should be compelled to produce the foregoing category of documents.

**Certification**: Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, counsel have conferred in good faith regarding the foregoing issues. FBB first raised these issues by email dated May 5, 2026. The parties conducted a telephonic meet-and-confer on May 13, 2026, which FBB memorialized by email dated May 14, 2026. FBB subsequently followed up by emails dated June 15, 2026 and July 28, 2026. In its July 28, 2026 correspondence, FBB also offered to conduct a further telephonic meet-and-confer regarding the outstanding production. McMurray responded on July 28, 2026, representing that receipt of documents was "imminent" and later stating that he expected to produce documents within one week. That one-week period has now expired, yet no documents have been produced and the dispute remains unresolved. *See* Exhibit 1.

FBB respectfully requests a discovery conference regarding McMurray's failure to produce responsive documents.

Respectfully submitted,

*/s/ Bilal Haider*

Bilal Haider

Enclosures
cc: Counsel of Record (VIA ECF)