The Court is in receipt of the conference request by Denis Reynolds and DRSR Consulting, Inc. and the opposition by FullBeauty Brands, Inc. at Dkt. Nos. 32-33. The Court orders the following:

1) The request for a discovery conference is **GRANTED**. The conference will take place on **October 28, 2026, at 2:00 PM**, at the Thurgood Marshall Courthouse at 40 Foley Square in Courtroom 228.

2) Defendants are directed to review Plaintiff's supplemental production referenced in Dkt. No. 33. If Defendant believes there are outstanding deficiencies, Parties are to confer again in good faith regarding a narrowed scope of RFP 21 that is relevant to this action.

3) By **October 21, 2026**, the Parties must file a joint letter to the Court certifying that they conferred on this topic and outlining any remaining issues for the Court's consideration. This joint letter should include: Defendant's position on the specific relevance of this discovery, Plaintiff's bases for withholding the requested documents, and a copy of FBB's subpoena to SanMar.

The Clerk of Court is respectfully directed to close Dkt. No. 32.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
October 13, 2026

Defendants Denis Reynolds and DRSR Consulting, Inc. request a pre-motion discovery conference pursuant to Local Civil Rule 37.2. and the Court's Individual Practices.

**Background:**

Defendant Denis Reynolds was hired by non-party SanMar Global DMCC in January 2023. On or about January 5, 2026 FBB's counsel sent a letter to Mr. Reynolds' employer and SanMar Corporation (the parent company) demanding that it preserve records relating to Reynolds, Defendant DRSR, Inc. and a number of unrelated individuals. On February 4, 2026, SanMar terminated Mr. Reynolds' employment. (FBB subsequently served a subpoena on SanMar seeking documents).

**Discovery Request at Issue:**

On March 9th, Defendants Reynolds and DRSR served their First Requests for Production of Documents, which including a request for:

> No. 21: All documents and communications to, from or relating to interactions between FBB, including but not limited to its agents, and SanMar Corporation and/or any affiliate or subsidiary thereof regarding any party to this lawsuit.

FBB objected that the request was vague, ambiguous and overbroad, and agreed to produce only the January 5th preservation notice and February 10, 2026 subpoena, both of which it had provided to Defendants' counsel before serving them on SanMar. Defendants' counsel clarified the scope of the request in a meet-and confer with FBB's counsel.

FBB subsequently maintained that any communications between FBB's counsel and SanMar were attorney work product, otherwise privileged, not relevant to the case or that the burden to produce them would be disproportional to the needs of the case. FBB's counsel have declined to discuss this issue further despite repeated requests from Defendants' counsel.

No privilege applies to any communications between FBB (or its agents) and third parties. Despite FBB's allegations that Reynolds was part of a wide-ranging conspiracy to defraud FBB, no evidence has been produced that Reynolds engaged in any wrongdoing. It appears that FBB's actions led directly to SanMar's termination of Reynolds. Reynolds is entitled to those communications.

I have discussed these issues in detail with Bilal Hader, FBB's counsel, by email and by telephone. The parties are at an impasse.

We look forward to discussing this matter with Your Honor.

Sincerely yours,

*/s/ Michael D. Steger*

Michael D. Steger